PEOPLE, PLAINTIFF AND APPELLEE, *v.* CUEVAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of Sections 112 and 113 of the Penal Code.

No. 958.—Decided July 27, 1916.

FALSIFICATION OF PUBLIC AND JUDICIAL DOCUMENTS—ALTERING RECORD, MAP, BOOK, PAPER, OR PROCEEDING—SURETY BOND.—Altering a surety bond signed before a notary public for the purposes of a criminal action before said bond has been filed or received for filing by the secretary of the court does not constitute a violation of sections 112 and 113 of the Penal Code, for it is neither a record, map, book, document, or proceeding of any court.

The facts are stated in the opinion.

*Mr. Celestino Iriarte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant, appellant, presented to the secretary of the Municipal Court of San Juan a bond for one hundred dollars in a criminal case. The secretary refused to receive it because the amount designated by the judge was two hundred dollars instead of one hundred dollars. Appellant departed with the bond, altered the amount and again presented it to the secretary, who, observing the alteration, took possession of it and, after showing it to the judge, initiated the prosecution which resulted in the conviction of defendant, appellant. The bond was never filed.

The substance of the information, the facts proven at the trial and the law applicable thereto as understood by

the trial judge are summed up by him in his instructions to the jury as follows (italics ours):

"The case submitted to your consideration constitutes, in the opinion of the *fiscal* as stated in his information, a violation of sections 112 and 113 of the Penal Code, and the *fiscal* alleges that the defendant is guilty of that crime because on the 24th day of March of this year, in San Juan, within the judicial district of the same, the said defendant unlawfully, wilfully and maliciously altered a surety bond signed by Pedro López and José Cid Solá in favor of Carmen Cruz before notaries Pedro C. Timothée and Pedro Amado Rivera in a suit brought in the Municipal Court of San Juan and appealed to the District Court of San Juan, the said bond having been furnished by the sureties for the amount of one hundred dollars and the said defendant having wilfully and knowingly erased therefrom the words 'One hundred' and substituted therefor the words 'Two hundred,' which bond was filed for the purpose of being attached to the papers or record in an action brought against said Carmen Cruz.

"Our law in section 112 of the Penal Code provides as follows:

" 'Every officer having the custody of *any record, map, or book,* or of *any paper or proceeding of any court,* filed or deposited in any public office, or placed in his hands for any purpose, who is guilty of stealing, wilfully destroying, mutilating, defacing, altering or falsifying, removing or secreting the whole or any part of such record, map, book, paper or proceedings, or who permits any other person so to do, is punishable, etc.'

"And then section 113 reads as follows:

" 'Every person, not an officer such as is referred to in the preceding section, who is guilty of any of the acts specified in that section, is punishable, etc.'

"So that *what the law punishes is the act of altering any public document with the intention of presenting the same in a particular proceeding or record to be filed in any office.*

"Our Civil Code says that *public documents* are those which are authenticated by a notary, or a competent officer, under the formalities required by the law.

"According to this definition, the bond which is presented to your consideration is a *public document,* because it is signed before a notary, because it bears the signature of the notary, who is a public officer, because it carries the seal of that notary, because an internal

revenue stamp is attached thereto which is required on all *public documents,* because the said document is recorded in a register-book called 'Register of Affidavits' which is kept by the notaries by express command of the law. Therefore, in view of the fact that all these requirements were complied with, the document which is presented to the consideration of the jury is *a public document* and the jury are bound to accept the same as such.

"It is stated in said document that Pedro López and Cid Solá had signed before notaries Pedro C. Timotheé and Amado Rivera a bond for a certain sum of money which was specified therein, but after the said original document had been subscribed for the sum of one hundred dollars, and on being presented to Mr. Falcón for the purpose for which it was to be presented, Mr. Falcón observed that the sum appearing in the document was not the sum fixed by the judge upon admitting such appeal. The document was then returned to the defendant, who was the person in charge of taking the necessary steps in the matter, to whom Falcón made the remark that the sum which appeared in the bond was not the sum required by the court. Thereupon the defendant appeared in the office of Mr. Amado Rivera and asked one of the employees there to erase the words 'One hundred' and substitute the words 'Two hundred.'

"This document was taken over by the defendant to the municipal court where was also Mr. Falcón who asked if he had obtained the writ of release of defendant Carmen Cruz, to which the defendant replied that the document was in the court and it was then when the secretary noticed that the said document had been altered and refused its admission when the fact became known to the judge who then ordered that a complaint should be presented against the author of that alteration."

No argument seems necessary to show that the facts stated in the information and established at the trial do not constitute the offense charged, that the instructions given the jury were fundamentally bad, and that the judgment of conviction cannot stand. That the document altered by defendant but never filed nor accepted for filing, either before or after such alteration, is neither a "record, map or book," nor a "paper or proceeding of any court," is self-evident. The information does not so allege; there is not a scintilla of

evidence to that effect, and the instructions given the jury clearly show that such was not the theory of the trial.

The judgment appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.